IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ROGER L. TABB,                               07-CV-302-BR

    Plaintiff,
                                       OPINION AND ORDER

v.

MYICIS a.k.a. ALFII/MYICIS;
WAYNE HICKS, an individual;
and VARIOUS JOHN DOES or JANE
DOES,

    Defendants.


**ROGER L. TABB**
2365 S.W. Cedar Hills Boulevard
Portland, OR  97225
(503) 793-5309

    Plaintiff, *Pro Se*


**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motion for Leave to Accomplish Alternative Service (#7).  For the reasons

1 - OPINION AND ORDER

that follow, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

On March 1, 2007, Plaintiff filed a Complaint alleging Defendants violated the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, *et seq*.

On June 11, 2007, Plaintiff filed a Motion for Clerk's Entry of Judgment and Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a)(1).

On June 29, 2007, the Court denied Plaintiff's Motion for Clerk's Entry of Judgment on the ground that Plaintiff had not established he properly served the Complaint on Defendants, and, therefore, Plaintiff was not entitled to an entry of default.

On July 30, 2007, the Court entered an Order pointing out that Plaintiff had not filed any proof of service and noting the Court is required to dismiss an action pursuant to Rule 4(m) if service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. The Court, therefore, directed Plaintiff to file with the Court proof of service no later than August 20, 2007. The Court also ordered Plaintiff to appear before the Court in person on August 27, 2007, if he failed to accomplish service by August 20, 2007, or the Court would dismiss this action for failure to prosecute.

On August 27, 2007, the Court held a hearing at which

Plaintiff showed cause why this matter should not be dismissed for failure to prosecute. The Court ordered Plaintiff to file a status report no later than October 5, 2007, informing the Court whether he intends to proceed in this matter.

On October 5, 2007, Plaintiff filed a status report that the Court construed as a Motion for Leave to Accomplish Alternative Service.

## **DISCUSSION**

In his Motion, Plaintiff asserts he has attempted to serve Defendant Wayne Hicks, a.k.a. MYICIS, by certified mail at a number of addresses, but none of these attempts were successful.

Federal Rule of Civil Procedure 4(e)(1) and (2) provide individuals within the Judicial District of the United States may be served either "pursuant to the law of the state in which the district court is located" or "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling . . . with some person of suitable age . . . then residing therein or by delivering a copy . . . to an agent authorized by appointment or by law to receive service of process."

Although "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, . . . without substantial compliance with Rule 4

3 - OPINION AND ORDER

neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

**I.  Plaintiff Did Not Properly Serve Hicks under Rule 4(e)(2).**

Plaintiff does not contend he delivered the Complaint to Hicks personally and does not assert he attempted to serve a designated agent for service of Hicks as provided by Rule 4(e)(2).

Accordingly, the Court concludes Plaintiff did not serve Hicks properly under Rule 4(e)(2).

**II.  Plaintiff Did Not Properly Serve Hicks under Rule 4(e)(1).**

Rule 4(e)(1) allows service by any method allowed under Oregon law, the state in which this Court is located. Oregon law allows service on individual defendants by personal service or by substituted service as prescribed in the Oregon Rules of Civil Procedure. Or. R. Civ. P. 7D(3)(a)(I).

Under Oregon law, substituted service may be made in one of three ways:  (1) by delivering a copy of the complaint to the home of the person to be served and leaving it with a resident of the home over 14 years of age provided plaintiff "as soon as reasonably possible" after making service mails a copy of the summons and complaint to defendant at his home; (2) by leaving a copy of the complaint and summons at the defendant's office

during normal working hours "with the person who is apparently in charge" provided plaintiff then mails a copy of the summons and complaint to defendant's home or office; or (3) by mailing a copy of the summons and complaint to defendant by first class mail and by certified, registered, or express mail provided defendant signs a receipt for the certified, registered, or express mail. Or. R. Civ. P. 7D(2)(b), (c), (d)(I), and D(3)(a)(I).

Plaintiff has unsuccessfully attempted to serve Hicks by certified mail at a number of addresses. The Court, therefore, concludes Plaintiff has not served Hicks in a manner specifically allowed under Oregon Rule of Civil Procedure 7D(2) or (3).

**III. Alternative Service on Hicks.**

Under Oregon Rule 7D(6)(a), when service "cannot be made by any method otherwise specified," the Court, "at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action." Such method may include publication of the summons plus mailing by certified or registered mail. *Id*.

Here the Court concludes service by publication plus mailing a copy of the summons and the notice published to Hicks's last known address by certified and regular mail would be the "manner [most] reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action

and to afford a reasonable opportunity to appear and defend." Or. R. Civ. P. 7D(1).

Plaintiff notes in his Motion that he intends to publish the summons and notice of the action in Hicks's hometown newspaper in Berryville, Arkansas, and in a paper in Branson, Missouri, where Hicks lived and conducted business in the past. The Court concludes publication in newspapers in these locations is sufficiently calculated to afford Hicks a reasonable opportunity to appear and to defend.

The Court advises Plaintiff that Oregon Rule of Civil Procedure 7D(6)(c) requires publication of the summons and notice "four times in successive calendar weeks." In addition, pursuant to Oregon Rule of Civil Procedure 7D(6)(b),

> a published summons shall also contain a summary statement of the object of the complaint and the demand for relief, and the notice required . . . shall state: "The . . . 'answer' . . . must be given to the court clerk . . . within 30 days of the date of first publication specified herein along with the required filing fee." The published summons shall also contain the date of the first publication of the summons.

In summary, the Court grants Plaintiff's Motion for Leave to Accomplish Alternative Service and advises Plaintiff that he may serve Hicks by publication in the manner set forth above. In addition to publishing the summons and notice as set forth above, the Court directs Plaintiff to mail a copy of the summons and the published notice to Hicks's last known address by certified and

6 - OPINION AND ORDER

regular mail.  The Court further directs Plaintiff to file an affidavit with the Court within 14 days of completing service by publication and certified mail in which Plaintiff certifies he completed service as ordered by the Court.  The Court directs Plaintiff to attach to his affidavit proof of publication and mailing of the summons and notice by certified mail.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Accomplish Alternative Service (#7) and advises Plaintiff that he may serve Defendant Hicks in the manner set forth above.  The Court orders Plaintiff to file an affidavit with the Court within 14 days of completing service as described above.

IT IS SO ORDERED.

DATED this 24th day of October, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge