IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER L. TABB,                              07-CV-302-BR

       Plaintiff,

                                  OPINION AND ORDER

v.

MYICIS a.k.a. ALFII/MYICIS;
WAYNE HICKS, an individual;
and VARIOUS JOHN DOES or JANE
DOES,

       Defendants.


ROGER L. TABB
2365 S.W. Cedar Hills Boulevard
Portland, OR 97225
(503) 793-5309

       Plaintiff, *Pro Se*


BROWN, Judge.

On March 1, 2007, Plaintiff filed a Complaint alleging

Defendants violated the Racketeering Influenced and Corrupt

1 - OPINION AND ORDER

Organizations Act (RICO), 18 U.S.C. §§ 1961, *et seq*.

On June 11, 2007, Plaintiff filed a Motion for Clerk's Entry of Judgment and Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a)(1).  On June 29, 2007, the Court denied Plaintiff's Motion on the ground that Plaintiff had not established he properly served the Complaint on Defendants, and, therefore, Plaintiff was not entitled to an entry of default.

On July 30, 2007, the Court entered an Order in which it noted Plaintiff had not filed any proof of service and advised Plaintiff that the Court is required to dismiss an action pursuant to Federal Rule of Civil Procedure 4(m) if service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint.  The Court, therefore, directed Plaintiff to file proof of service with the Court no later than August 20, 2007.  The Court also ordered Plaintiff to appear before the Court in person on August 27, 2007, if he failed to accomplish service by   August 20, 2007, or the Court would dismiss this action for failure to prosecute.

On August 27, 2007, the Court held a hearing at which Plaintiff showed cause why this matter should not be dismissed for failure to prosecute.  The Court ordered Plaintiff to file a status report no later than October 5, 2007, informing the Court whether he intended to proceed in this matter.

On October 5, 2007, Plaintiff filed a status report that the

Court construed as a Motion for Leave to Accomplish Alternative
Service.  In his Motion, Plaintiff advised he intended to publish
service in Defendant Hicks's hometown newspaper in Berryville,
Arkansas, and in a paper in Branson, Missouri, where Defendant
Hicks had lived and conducted business in the past.

On October 24, 2007, the Court issued an Opinion and Order
granting Plaintiff's Motion for Leave to Accomplish Alternative
Service and allowing Plaintiff to serve Defendants by way of
publication in the manner set out in Oregon Rule of Civil
Procedure 7D(6)(b) as follows:

> [A] published summons shall also contain a summary
> statement of the object of the complaint and the
> demand for relief, and the notice required . . .
> shall state:  "The . . . 'answer' . . . must be
> given to the court clerk . . . within 30 days of
> the date of first publication specified herein
> along with the required filing fee."  The
> published summons shall also contain the date of
> the first publication of the summons.

The Court found Plaintiff's plan to accomplish service through
publication in newspapers in Berryville, Arkansas, and Branson,
Missouri, was "sufficiently calculated to afford Hicks a
reasonable opportunity to appear and to defend."  The Court
directed Plaintiff "to mail a copy of the summons and the
published notice to Hicks's last known address by certified and
regular mail" in addition to service by publication in the manner
set out in Oregon Rule of Civil Procedure 7D(6)(b).  The Court
further directed Plaintiff "to file an affidavit with the Court

within 14 days of completing service by publication and certified
mail in which Plaintiff certifies he completed service as ordered
by the Court."  Finally, the Court directed Plaintiff to attach
to his affidavit proof of publication and mailing of the summons
and notice by certified mail.

On March 27, 2008, Plaintiff filed a statement regarding his
return of service.  Attached to the statement is a copy of a
notice that Plaintiff had published and a statement from the
publisher of the Berryville, Arkansas, Carroll County News
Weekend Edition advising that Plaintiff had run the notice for
four consecutive weeks.

The Court notes, however, Plaintiff's statement and
supporting materials do not establish Plaintiff completed the
following elements of service by publication required by the
Court in its October 24, 2007, Opinion and Order:

> (1) That Plaintiff published service in any paper
> in Branson, Missouri;
>
> (2) That publication included the required notice
> that Hicks must give his answer to the court
> clerk within 30 days of the first
> publication;
>
> (3) That publication included the date of the
> first publication of the summons; or
>
> (4) That Plaintiff also mailed a copy of the
> summons and the published notice to Hicks's
> last known address.

The Court, therefore, concludes Plaintiff has not accomplished
service in the manner directed by the Court or in the manner

4 - OPINION AND ORDER

contemplated under the Federal Rules of Civil Procedure or the Oregon Rules of Civil Procedure.

Accordingly, the Court **DISMISSES** this matter pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve Defendants properly with the Summons and Complaint.

IT IS SO ORDERED.

DATED this 17th day of April, 2008.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER